UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD CLARK JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.  14-535-JPG-DGW |
| ) | |
| GOLDEN STATE FOODS ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Golden State Foods Corporation ("GSF"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Circuit Court For The Twentieth Judicial Circuit St. Clair County, Illinois, Law Division ("State Court"), to this United States District Court for the Southern District of Illinois on the following grounds:

1.   On or about March 20, 2014, Plaintiff Richard Clark Jr. ("Clark") filed a Complaint against GSF in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. The case was assigned Case Number 14-L-232. A copy of Clark's Complaint is attached hereto as Exhibit A.

2.   On or about April 10, 2014, Clark served the Summons and Complaint upon GSF. *See id.* The Summons and Complaint are the only pleadings that have been served on or received by GSF. GSF has not filed an answer or responsive pleading to the Summons and Complaint, nor has it made any appearance or argument before the State Court.

3.   This is a civil action that may be removed to this Court based on diversity jurisdiction. 28 U.S.C. § 1332 states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . (1) citizens of different States."

1

## DIVERSITY OF CITIZENSHIP

4. At the time this suit was filed, Clark was and continues to be an individual person domiciled in, and thus a citizen of, the State of Illinois. *See* Exhibit A, ¶ 1.

5. At the time this suit was filed, GSF was a corporation organized and existing under the laws of the State of Delaware. *See* Exhibit B. GSF's headquarters, and thus its principal place of business, was and continues to be in the State of California. *Id.* Accordingly, GSF is a citizen of the States of Delaware and California, and is not a citizen of the State of Illinois.

6. The citizenship of all parties is therefore diverse, as required for diversity jurisdiction under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

7. The amount in controversy also exceeds $75,000, exclusive of interest and costs. The amount in controversy is measured "by what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

8. In his Complaint, Clark states a claim for the tort of retaliatory discharge under Illinois common law. *See* Exhibit A. Specifically, he alleges that he was "wrongfully terminated in retaliation" for alleging making a report to OSHA. *Id.* at ¶ 20

9. In his Complaint, Clark seeks judgment "in a sum in excess of $50,000" as well as compensatory damages in the form of emotional distress/humiliation damages, lost wages and benefits. *Id.* at 22, "WHEREFORE" clause. Clark also seeks punitive damages. *See id.* at 23.

10. Compensatory damages, including damages for emotional distress, may be awarded if appropriate in retaliatory discharge case. *See Peeler v. Village of Kingston Mines*, 862 F.3d 135 (7th Cir. 1988). Punitive damages may also be awarded if the plaintiff proves that the defendant's conduct was with actual malice or fraud, willful, or amount to gross negligence. *See Hollowell v. Wilder Corp. of Del.*, 743 N.E. 2d 707 (5th Dist. 2001).

11. In his Complaint, Clark alleges that GSF's alleged acts were "malicious and oppressive." *See* Exhibit A, at ¶ 23,

12. As of the filing of the date of this lawsuit, Clark's alleged back pay damages would be over $25,000. *See* Exhibit C. Additionally, Clark's alleged lost benefits to date (including medical and dental benefits) could also be several thousands of dollars. *See id.* Given that Clark is also seeking compensatory and punitive, the amount in controversy clearly exceeds $75,000. For example, a modest award of $45,000 in compensatory damages, combined with his alleged back pay and benefits, would also result over $75,000 in controversy. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006), *abrogated on other grounds* (noting in dicta that even where medical expenses and lost wages amount to only $45,000, "[a] modest allowance for pain, suffering, and future losses . . .brings the total over the threshold").

13. Moreover, punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law." *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). If punitive damages are available, the court has subject-matter jurisdiction unless it is legally certain that the plaintiff cannot recover the jurisdictional amount. *Id.; see also Casey-Beich v. United Parcel Service, Inc.*, 295 Fed. Appx. 92, 95 (7th Cir. 2008) (because it was not legally certain that punitive

damages were unavailable, the amount in controversy was satisfied and the district court has jurisdiction). Because Plaintiff could potentially recover the jurisdictional amount, the amount in controversy is satisfied.

## VENUE

14. Venue lies in the United States District Court for the Southern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1391(b) because the state action was filed in this district and the state action asserts the alleged unlawful actions took place in this district.

## REMOVAL

15. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. GSF, therefore, is entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In compliance with 28 U.S.C. §§1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based.

16. GSF submits this Notice of Removal without waiving any defenses to the claims asserted by Clark or conceding that Hurst has pled claims upon which relief can be granted. GSF further does not concede that any of the damages sought by Clark are recoverable.

17. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

18. By copy of this document and in accordance with the Certificate of Service, GSF is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Golden State Foods Corporation removes the instant action from the Circuit Court For the Twentieth Judicial Circuit St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois.

Dated: May 9, 2014                                  Respectfully submitted,

**GOLDEN STATE FOODS CORPORATION**

By: /s/ Hallie Diethelm Caldarone
    One of Its Attorneys

Hallie Diethelm Caldarone
Jackson Lewis P.C.
150 N. Michigan Ave.
Suite 2500
Chicago, Illinois 60601
(312) 787-4949

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on May 9, 2014, she caused a true and correct copy of the foregoing *Notice of Removal* to be served via electronic mail and regular U.S. mail, postage prepaid, to the following:

Daniel R. Price
WHAM & WHAM ATTORNEYS
212 East Broadway, P.O. Box 549
Centralia, Illinois  62801

/s/ Hallie Diethelm Caldarone

4842-0525-0842, v. 1